UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

**STEVEN JONES,**

    Petitioner,

v.                                           Case No. 2:21-cv-176

**HAROLD W. CLARKE, Director,**
**Virginia Department of Corrections,**

    Respondent.

## REPORT AND RECOMMENDATION

This matter is before the Court on Petitioner Steven Jones's ("Petitioner") *pro se* Petition for a Writ of Habeas Corpus ("the Petition") filed pursuant to 28 U.S.C. § 2254, ECF No. 4, and Respondent Harold W. Clarke's ("Respondent") Motion to Dismiss, ECF No. 8. The matter was referred for a recommended disposition to the undersigned United States Magistrate Judge ("undersigned") pursuant to 28 U.S.C. §§ 636(b)(1)(B) and (C), Federal Rule of Civil Procedure 72(b), Eastern District of Virginia Local Civil Rule 72, and the April 2, 2002, Standing Order on Assignment of Certain Matters to United States Magistrate Judges. The undersigned makes this recommendation without a hearing pursuant to Federal Rule of Civil Procedure 78(b) and Eastern District of Virginia Local Civil Rule 7(J). For the following reasons, the undersigned **RECOMMENDS** that the Respondent's Motion to Dismiss, ECF No. 8, be **GRANTED**, and the Petition, ECF No. 4, be **DENIED** and **DISMISSED WITH PREJUDICE**.

    **I.**    **FACTUAL AND PROCEDURAL BACKGROUND**

Petitioner was convicted on March 14, 2019, in the Southampton County Circuit Court ("the Trial Court") following a bench trial of possession of cocaine with the intent to distribute

and possession of marijuana. ECF No. 4 at 1; ECF No. 10, attach. 1 at 2. Petitioner was sentenced to serve fifteen years and thirty days, respectively, with nine years suspended. ECF No. 10, attach. 1 at 2.

Petitioner's convictions arose out of events that occurred on May 1, 2017. *Id.* At around 4:30 p.m. law enforcement stopped Petitioner because he, his front seat passenger and the car he was driving matched the descriptions of suspects involved in a possibly fraudulent credit card transaction which occurred at a store in the area. ECF No. 10, attach. 2 at 2. When Petitioner was stopped, one of the car's three taillights was not working. *Id.* At the time of the stop, Petitioner was driving the car, and the vehicle was registered to him. *Id.* at 3. The law enforcement officer reported smelling marijuana in the vehicle. *Id.* He asked Petitioner and the other occupants of the car if they had any marijuana. *Id.*

At first the four passengers denied having any marijuana. *Id.* The officer told the occupants he planned to search the car. *Id.* At this time Petitioner took a bag of marijuana from his pocket and told the office he did not have any other illegal item in the car. *Id.* at 2. Despite this, the officer searched the vehicle. *Id.* First, the officer unlocked Petitioner's trunk and found sandwich baggies, an empty box for a digital scale, and a blue razor knife. *Id.* Then, the officer unlocked the glove box and found three separate bags of cocaine along with a digital scale. *Id.* The officer proceeded to find another bag of cocaine and the credit cards connected to the fraudulent transactions. *Id.* at 4. In total the police found 40.035 grams of cocaine in Petitioner's car. *Id.*

Petitioner appealed his conviction to the Court of Appeals of Virginia. ECF No. 4 at 2; ECF No. 10, attach. 2 at 1-6. The Court of Appeals of Virginia denied his petition for appeal. *Id.* On May 18, 2020, a three-judge panel of the Court of Appeals of Virginia again denied the appeal. ECF No. 1 at 1.

On June 18, 2020, Petitioner filed a petition for writ of habeas corpus in the Supreme Court of Virginia, alleging four grounds for his petition. *Id.* at 4. The Supreme Court of Virginia articulated those claims as follows.

> In claims A and B of the state habeas corpus petition, Petitioner alleged that:
>
> > he was denied the effective assistance of counsel because counsel failed to seek suppression of drug evidence seized during a traffic stop on the ground that the officer lacked reasonable, articulable suspicion of criminal activity based on a complaint about a suspicious incident at a retail store. Instead, counsel solely challenged the officer's articulated basis for the stop, which was a defective light on the car petitioner was driving. Petitioner contends counsel should have argued the officer lacked reasonable, articulable suspicion of criminal activity because the complaint came from an unknown informant and did not relate to actual criminal wrongdoing. Additionally, petitioner contends counsel failed to object to the trial court's denial of the motion to suppress upon finding the traffic stop was justified by both the traffic violation and reasonable, articulable suspicion of criminal activity based on the reported incident at the store. Moreover, petitioner contends counsel failed to assign error on appeal to both articulated bases for denying the suppression motion despite petitioner's requests, thereby waiving viable challenges to the traffic stop, as neither prong of the trial court's ruling actually justified the stop.

ECF No. 10, attach. 3 at 1.

> In claim C of the state habeas petition, Petitioner alleged that:
>
> > he was denied the effective assistance of counsel because counsel failed to object to the Commonwealth's improper argument at the suppression hearing that Officer Snow had received a complaint of "credit card fraud." Petitioner argues the complaint itself never explicitly alleged such an offense, though he acknowledges in his reply that the complaint was "regarding a possible credit card fraud incident." Petitioner also contends counsel failed to object to the Commonwealth's improper argument that the traffic stop was justified by the traffic violation, which ignored that petitioner's car was not registered in Virginia and, thus, not subject to Virginia's traffic laws. Further, petitioner contends counsel failed to raise these issues on appeal.

*Id.* at 5.

> In claim D of the state habeas petition, Petitioner alleged that:
>
> > he was denied the effective assistance of counsel because, on appeal, counsel failed to properly challenge the sufficiency of the evidence supporting the cocaine

>conviction. . . . In another portion of claim (D), petitioner appears to contend he was denied the effective assistance of counsel because counsel's "multiple deficiencies" had "the cumulative effect of denying a fair trial to the petitioner."

*Id.* at 6-8.

The Supreme Court of Virginia found that all of Petitioner's claims were without merit and dismissed the petition. *Id.* at 2-9.

Petitioner filed the instant *pro se* § 2254 Petition for federal habeas relief on June 24, 2021, wherein he raised the following three claims: (1) "[i]neffective assistance of counsel failed to raise Fourth Amendment issue on appeal waiving the issue"; (2) "ineffective assistance of counsel failed to object to prosecutorial misconduct at trial"; (3) "illegal search and seizure violation of Fourth Amendment." ECF No. 4 at 5-8. On September 10, 2021, Respondent filed a Motion to Dismiss, a Rule 5 Answer, a Brief in Support of the Motion to Dismiss, and *Roseboro* Notice. ECF Nos. 8- 11. Petitioner filed a response to Respondent's Motion on September 27, 2021. ECF No. 15. Accordingly, the Petition and Motion to Dismiss are now ripe for recommended disposition.

## II. DISCUSSION

A. <u>Exhaustion and Procedural Default Standard</u>

Before considering the merits of a federal habeas petition, the preliminary inquiry must be whether Petitioner appropriately exhausted the claims asserted in the Petition, and/or whether Petitioner has procedurally defaulted on his claims such that these claims are simultaneously exhausted and defaulted for purposes of federal habeas review.[1]

*1. Exhaustion*

---

[1] Respondent concedes that Petitioner's claims are timely pursuant to 28 U.S.C. § 2244(d). ECF No. 10 at 4.

4

Section 2254 allows a prisoner held in state custody to challenge his detention on the ground that his custody violates the "Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A state prisoner, however, must exhaust his available state remedies or demonstrate the absence or ineffectiveness of such remedies before petitioning for federal habeas relief to give "state courts the first opportunity to consider alleged constitutional errors occurring in a state prisoner's trial and sentencing." *Breard v. Pruett*, 134 F.3d 615, 619 (4th Cir. 1998). Importantly, "[t]he burden of proving that a claim is exhausted lies with the habeas petitioner." *Id.* at 618. The exhaustion requirement is satisfied if the prisoner seeks review of his claim in the highest state court with jurisdiction to consider it through either direct appeal or post-conviction proceedings, *see O'Sullivan v. Boerckel*, 526 U.S. 838, 844-45 (1999), and the "essential legal theories and factual allegations advanced in the federal court [are] the same as those advanced at least once to the highest state court," *Pruett v. Thompson*, 771 F. Supp. 1428, 1436 (E.D. Va. 1991), *aff'd in Pruett v. Thompson*, 996 F.2d 1560 (4th Cir. 1993). "Thus, a petitioner convicted in Virginia first must have presented the same factual and legal claims raised in his federal habeas corpus application to the Supreme Court of Virginia on direct appeal or in a state habeas corpus petition." *Moody v. Dir., Va. Dep't of Corr.*, 2016 WL 927184, at *3 (E.D. Va. Mar. 3, 2016), *appeal dismissed*, 669 F. App'x 160 (4th Cir. 2016) (citing *Duncan v. Henry*, 513 U.S. 364 (1995)).

*2. Procedural Default*

"A distinct but related limit on the scope of federal habeas review is the doctrine of procedural default." *Breard*, 134 F.3d at 619. As the Fourth Circuit has explained, the procedural default doctrine provides that "[i]f a state court clearly and expressly bases its dismissal of a habeas petitioner's claim on a state procedural rule, and that procedural rule provides an independent and adequate ground for the dismissal, the habeas petitioner has procedurally defaulted his federal

5

habeas claim." *Id.* at 619 (citing *Coleman v. Thompson*, 501 U.S. 722, 731-32 (1991)); *see also Hedrick v. True*, 443 F.3d 342, 359 (4th Cir. 2006) ("A federal claim is deemed procedurally defaulted where 'a state court has declined to consider the claim's merits on the basis of an adequate and independent state procedural rule.' . . . A federal court cannot review a procedurally defaulted claim unless the prisoner can demonstrate cause and prejudice for the default or a fundamental miscarriage of justice" (quoting *Fisher v. Angelone*, 163 F.3d 835, 844 (4th Cir. 1998)) (internal citations omitted). As the Supreme Court recently observed, "[t]he procedural default doctrine thus advances the same comity, finality, and federalism interests advanced by the exhaustion doctrine." *Davila v. Davis*, 137 S. Ct. 2058, 2064 (2017) (citing *McCleskey v. Zant*, 499 U.S. 467, 493 (1991)).

Additionally, a petitioner seeking federal habeas relief also procedurally defaults his claims when he "fails to exhaust available state remedies and 'the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred.'" *Breard*, 134 F.3d at 619 (quoting *Coleman*, 501 U.S. at 735 n.1). Under these circumstances, the claim is considered simultaneously exhausted and procedurally defaulted so long as "it is clear that the claim would be procedurally barred under state law if the petitioner attempted to present it to the state court." *Baker v. Corcoran*, 220 F.3d 276, 288 (4th Cir. 2000) (citing *Gray v. Netherland*, 518 U.S. 152, 161 (1996)). Importantly, however, if "the procedural bar that gives rise to exhaustion provides an independent and adequate state-law ground for the conviction and sentence," a federal court may not review the simultaneously exhausted and procedurally defaulted claim. *Id.* (quoting *Gray*, 518 U.S. at 162).

Absent a showing of cause for the default and prejudice or a fundamental miscarriage of justice (such as actual innocence), this Court cannot review the merits of a defaulted claim.

*See Harris v. Reed*, 489 U.S. 255, 262 (1989); *see also Sparrow v. Dir., Dep't of Corr.*, 439 F. Supp. 2d 584, 588 (E.D. Va. 2006) (explaining that "a petitioner may nonetheless overcome procedural default, and have his claims addressed on the merits, by showing either cause and prejudice for the default, or that a miscarriage of justice would result from the lack of such review") (citing *Coleman*, 501 U.S. at 750; *Savino v. Murray*, 82 F.3d 593, 602 (4th Cir. 1996)). The Fourth Circuit has held that "[t]o establish cause, a petitioner must 'show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule.'" *Hedrick*, 443 F.3d at 366 (quoting *Murray v. Carrier*, 477 U.S. 478, 488 (1986)); *see also Davila*, 137 S. Ct. at 2065 ("A factor is external to the defense if it 'cannot fairly be attributed to' the prisoner.") (quoting *Coleman*, 501 U.S. at 753). "This requires a demonstration that 'the factual or legal basis for the claim was not reasonably available to the claimant at the time of the state proceeding.'" *Hedrick*, 443 F.3d at 366 (quoting *Roach v. Angelone*, 176 F.3d 210, 222 (4th Cir. 1999)). "Importantly, a court need not consider the issue of prejudice in the absence of cause." *Booker v. Clarke*, 2016 WL 4718951, at *5 (E.D. Va. Sept. 8, 2016), *appeal dismissed*, 678 F. App'x 152 (4th Cir. 2017), *cert. denied*, 138 S. Ct. 234, 199 L. Ed. 2d 152 (2017), *reh'g denied*, 138 S. Ct. 538, 199 L. Ed. 2d 414 (2017) (citing *Kornahrens v. Evatt*, 66 F.3d 1350, 1359 (4th Cir. 1995), *cert. denied*, 517 U.S. 1171 (1996)).

### 3. Claim 3 is Simultaneously Exhausted and Procedurally Defaulted

Petitioner failed to exhaust Claim 3 because he did not present it to the Supreme Court of Virginia on direct appeal or in a state habeas petition. *See generally* ECF No. 10, attach. 2; ECF No. 10, attach. 3. If Petitioner were to present Claim 3 in a new state habeas petition to the Supreme Court of Virginia, it would be procedurally barred as both untimely under Virginia Code § 8.01-654(A)(2), and successive under Virginia Code § 8.01-654(B)(2). Both Virginia Code §

7

8.01-654(A)(2) and Virginia Code § 8.01-654(B)(2) constitute adequate and independent state-law grounds for decision. *Sparrow*, 439 F. Supp. 2d 584, 587–88 (E.D. Va. 2006) (Va. Code § 8.01-654(A)(2) is an independent and adequate state procedural rule); *Clagett v. Angelone*, 209 F.3d 370, 379 (4th Cir. 2000) (Va. Code § 8.01-654(B)(2) is an independent and adequate state procedural rule). Accordingly, Claim 3 is simultaneously exhausted and procedurally defaulted for purposes of federal habeas review.

As noted, Petitioner may overcome procedural default by "showing [] cause and prejudice or a fundamental miscarriage of justice due to [his] actual innocence." *Silk*, 2009 WL 742552, at *3 (citing *Bousley v. United States*, 523 U.S. 614, 622 (1998), and *Harris v. Reed*, 489 U.S. 255, 262 (1989)). "[C]ause" refers to "some objective factor external to the defense [that] impeded counsel's [or the petitioner's] efforts to comply with the State's procedural rule." *Strickler v. Greene*, 527 U.S. 263, 283 n.24 (1999) (quoting *Murray v. Carrier*, 477 U.S. 478, 488 (1986)). Petitioner offers no argument or evidence that some objective factor impeded Petitioner's ability to comply with the state procedural rules regarding appellate review. Therefore, Petitioner fails to overcome procedural default. *Accord Strickler*, 527 U.S. at 283 n.24. Absent cause, a prejudice analysis is unnecessary. *See Kornahrens v. Evatt*, 66 F.3d 1350, 1359 (4th Cir. 1995) (noting that courts should not consider the issue of prejudice absent cause to avoid the risk of reaching an alternative holding).

Moreover, even if Petitioner's claim was properly before the Court, it is not cognizable in federal habeas review. "[W]here the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial." *Gregory v. Bassett*, No. CIV.A. 3:07CV790, 2009 WL 455267, at *4 (E.D. Va. Feb. 23,

2009) (citing *Stone v. Powell*, 428 U.S. 465, 494 (1976)). Here, Petitioner fully litigated his Fourth Amendment claim during his suppression hearing and at trial and thus the claim is not cognizable. *Id.*

Petitioner also does not assert in the alternative that he is actually innocent, nor does he present any evidence of actual innocence. Absent a sufficient assertion of actual innocence, or evidence supporting actual innocence, Petitioner cannot demonstrate a fundamental miscarriage of justice. *Royal v. Taylor*, 188 F.3d 239, 244 (4th Cir. 1999) ("In order to use an actual innocence claim as a procedural gateway to assert an otherwise defaulted claim, 'the petitioner must show that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence.'") (quoting *Schlup v. Delo*, 513 U.S. 298, 327 (1995)) (emphasis added).

Accordingly, the undersigned **FINDS** that Claim 3 is simultaneously exhausted and procedurally defaulted, and thus, should be dismissed.

B. <u>Standards of Review on Merits of Remaining Claims</u>

*1. 28 U.S.C. § 2254(d)*

Habeas relief is warranted only if Petitioner can demonstrate that the adjudication of each of his claims by the state court "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States" or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). Thus, federal habeas relief is precluded, so long as "fair-minded jurists could disagree" on the correctness of the state court's decision. *Harrington v. Richter*, 562 U.S. 86, 102 (2011). "If this standard is difficult to meet, that is because it was meant to be. As amended by AEDPA[2], § 2254(d)

---

[2] Antiterrorism and Effective Death Penalty Act of 1996.

stops short of imposing a complete bar on federal-court relitigation of claims already rejected in state proceedings." *Harrington v. Richter*, 562 U.S. 86, 102 (2011) ("It preserves authority to issue the writ in cases where there is no possibility fairminded jurists could disagree that the state court's decision conflicts with this Court's precedents. It goes no further.") (citing *Felker v. Turpin*, 518 U.S. 651, 664 (1996) (discussing AEDPA's "modified *res judicata* rule" under § 2244)). In other words, "AEDPA prohibits federal habeas relief for any claim adjudicated on the merits in state court, unless one of the exceptions listed in § 2254(d) obtains." *Premo v. Moore*, 562 U.S. 115, 121 (2011).

In *Williams v. Taylor*, the Supreme Court explained that the "exceptions" encapsulated by § 2254(d)(1)'s "contrary to" and "unreasonable application" clauses have independent meaning. 529 U.S. 362, 404–05 (2000). A federal habeas court may issue the writ under the "contrary to" clause if the state court applies a rule different from the governing law set forth in Supreme Court cases, or if it decides a case differently than the Supreme Court has done on a set of materially indistinguishable facts. *Id.* at 405–06. This Court may grant relief under the "unreasonable application" clause if the state court correctly identifies the governing legal principle from Supreme Court decisions, but unreasonably applies it to the facts of the particular case. *Williams v. Taylor*, 529 U.S. 362, 407-08 (2000). *See also Woodford v. Visciotti*, 537 U.S. 19, 27 (2002) ("The federal habeas scheme leaves primary responsibility with the state courts for these judgments, and authorizes federal-court intervention only when a state-court decision is objectively unreasonable."). "The focus of the [unreasonable application] inquiry is on whether the state court's application of clearly established federal law is objectively unreasonable, and . . . an unreasonable application is different from an incorrect one." *Bell v. Cone*, 535 U.S. 685, 694 (2002).

In making this determination under Section 2254(d)(1), the Court "is limited to the record that was before the state court that adjudicated the claim on the merits." *Cullen v. Pinholster*, 563 U.S. 170, 181–82 (2011) ("Section 2254(d)(1) refers, in the past tense, to a state-court adjudication that 'resulted in' a decision that was contrary to, or 'involved' an unreasonable application of, established law. This backward-looking language requires an examination of the state-court decision at the time it was made. It follows that the record under review is limited to the record in existence at that same time i.e., the record before the state court."). Thus, it is this Court's obligation to focus "on the state court decision that previously addressed the claims rather than the petitioner's freestanding claims themselves." *McLee v. Angelone*, 967 F. Supp. 152, 156 (E.D. Va. 1997). *See also Williams v. Taylor*, 529 U.S. 362, 412–13 (2000) (explaining that the Court independently reviews whether that decision satisfies either standard). Additionally, in undertaking such review, this Court is mindful that "a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

*2. Ineffective Assistance of Counsel*

Because there is no allegation that the state courts decided Petitioner's state habeas "differently than [the U.S. Supreme] Court has on a set of materially indistinguishable facts," *Williams v. Taylor*, 529 U.S. 362, 413 (2000), the relevant exception is "permitting relitigation where the earlier state decision resulted from an 'unreasonable application of' clearly established federal law" and "[t]he applicable federal law consists of the rules for determining when a criminal defendant has received inadequate representation as defined in *Strickland*," *Premo v. Moore*, 562 U.S. 115, 121 (2011) (citing *Harrington v. Richter*, 562 U.S. 86, 100 (2011); 28 U.S.C. § 2254(d)(1)). *See also Strickland v. Washington*, 446 U.S. 668 (1984). Generally, to have been

11

entitled to habeas relief in State court for ineffective assistance of counsel claims under the Sixth Amendment, Petitioner had to show both that his defense counsel provided deficient assistance, and that he was prejudiced as a result of counsel's deficiency. *Strickland v. Washington*, 446 U.S. 668, 700 (1984) (conceptualizing the inquiry as two required prongs: a deficiency prong and a prejudice prong). First, to establish deficient performance, Petitioner was required to show that "counsel's representation fell below an objective standard of reasonableness." *Strickland*, 446 U.S. at 688-89 (holding that there is a strong presumption that trial counsel provided reasonable professional assistance). Second, Petitioner was also required to demonstrate "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 687, 693-94 (holding that counsel's errors must be "so serious as to deprive the defendant of a fair trial," and that a petitioner must "show that the errors had some conceivable effect on the outcome of the proceeding").

The United States Supreme Court summarized the high bar faced by petitioners in a federal habeas proceeding where a petitioner's Sixth Amendment ineffective assistance of counsel claims were previously rejected by the state court:

> Establishing that a state court's application of *Strickland* was unreasonable under § 2254(d) is all the more difficult. The standards created by *Strickland* and § 2254(d) are both 'highly deferential,' . . . and when the two apply in tandem, review is 'doubly' so . . . . The *Strickland* standard is a general one, so the range of reasonable applications is substantial. . . . Federal habeas courts must guard against the danger of equating unreasonableness under *Strickland* with unreasonableness under § 2254(d). When § 2254(d) applies, the question is not whether counsel's actions were reasonable. The question is whether there is any reasonable argument that counsel satisfied *Strickland*'s deferential standard.

*Premo v. Moore*, 562 U.S. 115, 122–23 (2011) (quoting *Harrington v. Richter*, 562 U.S. 86, 105 (2011) (citing *Strickland v. Washington*, 466 U.S. 668, 689 (1984); *Lindh v. Murphy*, 521 U.S.

320, 333 n.7 (1997); *Knowles v. Mirzayance*, 556 U.S. 111, 123 (2009))) (internal citations omitted). *See also Knowles*, 556 U.S. at 123 ("Under the doubly deferential judicial review that applies to a *Strickland* claim evaluated under the § 2254(d)(1) standard . . . Mirzayance's ineffective-assistance claim fails.") (citing *Yarborough v. Gentry*, 540 U.S. 1, 5–6 (2003) (*per curiam*)). To be sure, and particularly apropos to Petitioner's claim, the "[f]ailure to raise a meritless argument can *never* amount to ineffective assistance." *Juniper v. Zook*, 117 F. Supp. 3d 780, 791 (E.D. Va. 2015) (quoting *Moore v. United States*, 934 F. Supp. 724, 731 (E.D. Va. 1996)) (emphasis added).

With these principles in mind, the undersigned now turns to the merits of the remaining claims in the Petition.

C. <u>Facts and Findings of Law</u>

   *1. Claim 1*

In Claim 1 of the Petition, Petitioner alleges he was "denied effective assistance of counsel on appeal due to waiver of Fourth Amendment right." ECF No. 4 at 24. Specifically, in support of Claim 1 Petitioner submits that his mother emailed his attorney explaining that Petitioner wished to "challenge the motion to suppress ruling" on appeal, due to case law that purportedly stated "equipment failure was not a violation of Virginia law," and case law that "an unreliable tip would not justify stop or stop could not be justified based solely on a hunch." *Id.* at 24.

During Petitioner's original proceedings, the Trial Court denied Petitioner's motion to suppress the evidence on the grounds that "the description of the vehicle and its occupants in the dispatch matched the vehicle and the occupants of the vehicle that Snow stopped" and because "the defective tail light justified the stop." ECF No. 10, attach. 2 at 2. On direct appeal, counsel assigned error to the trial court's ruling on the suppression motion as to the traffic violation. ECF

No. 10, attach. 3 at 3. However, counsel did not challenge "the alternative, legally sufficient basis for supporting the stop—the reasonable, articulable suspicion of criminal wrongdoing because the car and its occupants matched the descriptions in police dispatch." *Id.*

During his state habeas proceeding, Petitioner raised this claim as Claims A and B, and argued counsel was ineffective for failing to object to the trial court's denial of the motion to suppress upon finding that both bases for the traffic stop were justified, and that counsel was ineffective for failing to assign error on appeal to both articulated bases for denying the suppression motion, thereby waiving challenges to the traffic stop. ECF No. 10, attach. 3 at 1.

In reviewing Petitioner's state habeas petition, the Supreme Court of Virginia found the claim failed under the test outlined in *Strickland v. Washington* because the "prejudice" prong was not met. *Id.* at 2. The Supreme Court of Virginia explained that:

> [t]he traffic stop initiated by Officer Snow on the basis of a faulty 'third brake light' was justified because, even if Snow were mistaken about whether this constituted a violation of Virginia traffic law, such mistake was reasonable. Code § 46.2-1014.1 provides that 'every Virginia-registered passenger car manufactured for the 1986 or subsequent model year shall be equipped with a supplemental center high mount stop light of a type approved by the [State Police] Superintendent.' Additionally, in its final sentence, the statute provides that '[a]ny supplemental high mount stop light installed on any other vehicle shall comply with those requirements.' Code § 46.2-1014.1 (emphasis added). The mandates on 'Virginia-registered' cars in Code § 46.2-1014.1 do not include petitioner's car registered in North Carolina, 'but, given the 'other,'' it would at least have been reasonable to think they did.' *Heien*, 574 U.S. at 68. Notably, as was significant in *Heien*, the 'any other vehicle' provision of Code § 46.2-1014.1 has not yet been construed by Virginia's appellate courts, *see id.*, but the Court need not resolve that issue in this proceeding.
>
> Furthermore, it is unlawful to operate a vehicle on Virginia roads with any 'equipment mentioned in [Code] § 46.2-1002' that is defective or unsafe. Code § 46.2-1003. Such equipment includes any 'lighting device . . . or other equipment for which approval is required by any provision of this chapter.' Code § 46.2-1002. Similarly, Code § 46.2-1010 specifies that all vehicles driven on Virginia roads must be equipped with 'such lights as are required in this chapter' and the lights must be capable of being lighted at all times. Therefore, it was objectively reasonable for an officer in Snow's position to think petitioner's faulty third brake

14

>light was a violation of Virginia law, and such a reasonable mistake of law gives rise to reasonable suspicion justifying the stop. Accordingly, petitioner failed to demonstrate a reasonable probability that, but for counsel's alleged errors, the result of the proceedings would have been different.

*Id.* at 3-5.

The undersigned finds that the Supreme Court of Virginia was not unreasonable in finding that Petitioner failed to satisfy *Strickland's* demanding standard with respect to Claim 1. First, the Supreme Court of Virginia found that the traffic stop initiated by Officer Snow was justified because even if Officer Snow were mistaken about whether it was a violation of Virginia traffic law, it was a reasonable mistake. *Id.* The court relied on Virginia Code § 46.2-1014.1 which states, "any supplemental high mount stop light installed on *any other vehicle* shall comply with those requirements," and found that it was reasonable for Officer Snow to believe that Petitioner's car, even though it was registered in North Carolina, was subject to the statute, as "any other vehicle." *Id.* at 4. Additionally, as a second ground for justification of the traffic stop, the Supreme Court of Virginia found that it was objectively reasonable for an officer in Officer Snow's position to think Petitioner's faulty third brake light was a violation of Virginia Code § 46.2-1003, which makes it unlawful for a vehicle to operate on Virginia roads with unsafe or defective equipment. *Id.* at 5. Because equipment as stated in the Code includes "lighting devices," the Supreme Court of Virginia found that Officer Snow was justified in making the stop on that basis. *Id.*

The Supreme Court of Virginia's interpretation of Virginia Code § 46.2-1014.1 or § 46.2-1003 as applied to Petitioner's case was not unreasonable or contrary to federal law, and Petitioner has not argued any basis why those interpretations are contrary to federal law. *Estelle v. McGuire*, 502 U.S. 62, 68 (1991) ("it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions. In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States.").

15

Thus, based on its application of the Virginia Code provisions, the Supreme Court of Virginia reasonably found that Petitioner could not establish prejudice, because even if counsel had further challenged the suppression ruling on appeal, it would not have changed the outcome of the case since there was at least one ground in which the traffic stop reasonable. ECF No. 10, attach. 3 at 5 ("petitioner has failed to demonstrate a reasonable probability that, but for counsel's alleged errors, the result of the proceedings would have been different."). Because the Supreme Court of Virginia's application of *Strickland*'s prejudice prong was not unreasonable or contrary to federal law, the undersigned **RECOMMENDS** that Claim 1 be **DENIED**.

2. *Claim 2*

In Claim 2 of the Petition, Petitioner alleges "counsel was ineffective for failing to object to prosecutorial misconduct at trial and on appeal." ECF No. 4 at 29. Specifically, in support of his claim, Petitioner alleges that the Prosecutor:

> specifically asked if the court question is[,] is that constitutional for them to stop somebody with equipment violation[.] I think it clearly is. Then Court specified by stating or equipment failure. Prosecutor reply was certainly that would be an eligible thing to stop someone for . . . and attorney failed to object. . . .Therefore prosecutor mistatement of law had a direct effect on trial court ruling. . . . Counsel's failure to object to misapplication of law unreasonable because counsel should pursue any possible relief for client.

[sic]. ECF No. 4 at 29-30[3].

Petitioner raised this claim as claim as Claim C in his state habeas proceeding, wherein he argued that "counsel failed to object to the Commonwealth's improper argument that the traffic

---

[3] Respondents interprets Claim 2 of the Petition to argue that Petitioner "was denied the effective assistance of counsel because counsel failed to object to the Commonwealth's argument at the suppression hearing that Officer Snow had received a complaint of "credit card fraud." ECF No. 10 at 10. However, Petitioner's allegations with respect to Claim 2 in the instant Petition make no allegations of credit card fraud. *See* ECF No. 4 at 29-30. Instead, Petitioner alleges that the prosecutor was mistaken in stating the law when he said the police officer was justified in stopping his vehicle and his trial counsel was ineffective for failing to object to that characterization of the law. *Id.*

16

stop was justified by the traffic violation, which ignored that petitioner's car was not registered in Virginia and, thus, not subject to Virginia's traffic laws . . . and counsel failed to raise these issues on appeal." ECF No. 10, attach. 3 at 5. In reviewing Petitioner's state habeas petition, the Supreme Court of Virginia found this claim failed under the standard outlined in *Strickland v. Washington* because neither the "performance" or "prejudice" prong was met. The Supreme Court of Virginia held that:

> contrary to petitioner's contention, it was because petitioner's car was not Virginia-registered that the Commonwealth relied on the "any other vehicle" provision in Code § 46.2-1014.1 to argue the statute nonetheless applied to petitioner and justified the traffic stop. Counsel was not ineffective for failing to make a meritless objection about an argument that was not improper. *See Correll v. Commonwealth*, 232 Va. 454, 469-70 (1987). To the extent petitioner faults counsel for not pursuing these matters on appeal, the selection of issues to address on appeal is left to the discretion of appellate counsel, and counsel need not address every possible issue on appeal. *Jones v. Barnes*, 463 U.S. 745, 751-52 (1983). Thus, petitioner has failed to demonstrate that counsel's performance was deficient or that there is a reasonable probability that, but for counsel's alleged error, the result of the proceeding would have been different.

ECF No. 10, attach. 3 at 5-6.

The undersigned finds that the Supreme Court of Virginia was not unreasonable in finding that Petitioner failed to satisfy *Strickland's* demanding standard with respect to Claim 2. As explained above, "it was because petitioner's car was not Virginia-registered that the Commonwealth relied on the 'any other vehicle' provision in Code § 46.2-1014.1 to argue that the statute nonetheless applied to petitioner and justified the stop." *Id.* at 5-9. Under federal law it is well established that "officers need only 'reasonable suspicion'—that is, 'a particularized and objective basis for suspecting the particular person stopped' of breaking the law," to justify a traffic stop. *Heien v. North Carolina*, 574 U.S. 54, 60 (2014) (citing *Navarette v. California*, 572 U.S. 393, 396 (2014). Thus, counsel could not have made a meritorious objection to the prosecutor's argument about the application of Virginia Code § 46.2-1014.1. For the same reasons, in light of

the discretion afforded to appellate counsel to select issues for appeal, the Supreme Court of Virginia' finding that counsel was not ineffective for failing to raise this issue on appeal was not unreasonable.

Petitioner has failed to establish the Supreme Court of Virginia's application of *Strickland* was unreasonable. Accordingly, the undersigned **RECOMMENDS** that Claim 2 be **DENIED**.

### III. RECOMMENDATION

For these reasons, the undersigned **RECOMMENDS** that the Respondent's Motion to Dismiss, ECF No. 8, be **GRANTED;** and the Petition, ECF No. 4, be **DENIED and DISMISSED WITH PREJUDICE.**

### IV. REVIEW PROCEDURE

By receiving a copy of this Report and Recommendation, Petitioner is notified that:

1. Any party may serve on the other party and file with the Clerk of this Court specific written objections to the above findings and recommendations within fourteen days from the date this Report and Recommendation is forwarded to the objecting party, *see* 28 U.S.C. § 636(b)(1)(C) and Federal Rule of Civil Procedure 72(b), computed pursuant to Federal Rule of Civil Procedure Rule 6(a). A party may respond to another party's specific written objections within fourteen days after being served with a copy thereof. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

2. A United States District Judge shall make a *de novo* determination of those portions of this Report and Recommendation or specified findings or recommendations to which objection is made. The parties are further notified that failure to file timely specific written objections to the above findings and recommendations will result in a waiver of the right to appeal from a judgment of this Court based on such findings and recommendations. *Thomas v. Arn*, 474 U.S. 140 (1985); *Carr v. Hutto*, 737 F.2d 433 (4th Cir. 1984), *cert. denied*, 474 U.S. 1019 (1985); *United States v.*

*Schronce*, 727 F.2d 91 (4th Cir. 1984), *cert. denied*, 467 U.S. 1208 (1984).

The Clerk is **DIRECTED** to forward a copy of this Report and Recommendation to Petitioner and to counsel for Respondent.

/s/
Lawrence R. Leonard
United States Magistrate Judge

Lawrence R. Leonard
United States Magistrate Judge

Norfolk, Virginia
June 22, 2022